**Theodore ZACHARY and Tumusiime Fortunatus, Plaintiffs–Counter–Defendants–Appellants,**

**v.**

**CLINTON COUNTY, NEW YORK, William Bingel, in his official capacity as Clinton County Administrator, and Janet L. Duprey, in her official capacity as Clinton County Treasurer Defendants–Counter–Claimants–Appellees.**

No. 03–7148.

United States Court of Appeals, Second Circuit.

Jan. 21, 2004.

Mark A. Schneider, Plattsburgh, N.Y. for Plaintiffs–Counter–Defendants–Appellants.

Robert A. Rausch, Maynard, O'Connor, Smith, & Catalinotto, LLP, Albany, N.Y. for Defendants–Counter–Claimants–Appellees.

Present: WALKER, Chief Judge, OAKES, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiffs–Counter–Defendants–Appellants Theodore Zachary and Tumusiime Fortunatus (together "appellants") appeal from a decision and order of the district court for the Northern District of New York (Frederick J. Scullin, Jr., *Chief Judge*), dated January 10, 2003, dismissing on a motion for summary judgment appellants' claims under 42 U.S.C. § 1983 alleging that the tax foreclosure proceedings of Clinton County, New York, William Bingel, in his official capacity as Clinton County Administrator, and Janet L. Duprey, in her official capacity as Clinton County Treasurer (together "appellees" or the "County") violated appellants' Fourteenth Amendment rights to due process and equal protection by (a) foreclosing on appellants' property without providing requisite notice; and (b) failing to advise Fortunatus that he could make a motion to vacate the default judgment against him.

On appeal appellants argue (1) that the County did not provide them with sufficient notice of the tax sale of their property; (2) that N.Y. C.P.L.R. § 2101 governs due process regarding notice of the commencement of a legal action and unambiguously provides that the letters in a summons shall be of no less than twelve-point type and that all papers served or filed in a legal action shall be of no less than ten-point type; (3) that due process was not satisfied because appellants' names did not appear on the face of their respective combined notice and petition; and (4) that the notice did not state that their respective property would be seized and sold. Appellants also argue that the County misled Fortunatus to believe that his only remedy would be to repurchase his property at the tax sale. To meet due process requirements, appellants maintain that the County had an affirmative duty to advise Fortunatus that he could make a motion to

vacate the default judgment against him when he appeared at the County Treasurer's Office within the 30 day time period to vacate default judgments.

We review the district court's grant of summary judgment *de novo*, affirming if the record as a whole reveals no genuine issues of material fact. *See Mount Vernon Fire Ins. Co. v. Belize NY, Inc.*, 277 F.3d 232, 236 (2d Cir.2002).

As to Fortunatus's contention that the County misled him, it is undisputed that the County sent notice of the foreclosure proceedings via certified mail on October 12, 2000, that Fortunatus received and read the notice, that the notice indicated in bold lettering that the last date of redemption was January 19, 2001, and that Fortunatus made no further inquiry until he appeared at the County Treasurer's Office in mid-July 2001. Under the circumstances, we conclude that the County adequately apprised Fortunatus of his rights and, accordingly, did not violate due process. *See Weigner v. City of New York*, 852 F.2d 646, 652 (2d Cir.1988).

We have reviewed appellants' remaining arguments and find them to be without merit. Furthermore, we find no error in the actions of the district court and affirm for substantially the reasons given in its thorough opinion.